Morgan Lewis

**Michael J. Lyons**
Partner
+1.650.843.7507
michael.lyons@morganlewis.com

March 13, 2020

**VIA ECF FILING**

Peter R. Marksteiner
Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Re: *Packet Intelligence LLC v. NetScout Systems, Inc., NetScout Systems Texas, LLC, fka Tektronix Texas, LLC dba Tektronix Communications*, No. 19-2041

Dear Colonel Marksteiner:

Pursuant to Rule 28(j), Appellants (collectively, "NetScout") advise of additional authority arising after completion of briefing.

In *Arctic Cat Inc. v. Bombardier Recreational Products Inc.*, No. 19-1080 (Fed. Cir. Feb. 19, 2020) (*Arctic Cat II*), this Court addressed aspects of § 287's marking requirement that are relevant to this appeal.

In that case, "unmarked products were sold … but the sales of unmarked products allegedly stopped for a period of time" before the complaint was filed. Slip op. at 7. This Court held that "cessation of sales of unmarked products" does not excuse a patentee from complying with the notice requirement of § 287. *Id*. Once "sales of unmarked products have begun, § 287 requires that a patentee either begin marking its products or provide actual notice to an alleged

infringer." *Id.* Because the patentee "merely stopped selling unmarked products but ... otherwise took no action to remedy prior noncompliance or to provide notice that the articles were actually patented," the patentee "never complied with the notice requirement of § 287 and thus [could not] recover damages for any period prior to the filing of its complaint." *Id.* at 9.

This holding precludes presuit damages in this case. Undisputed evidence presented at trial showed that MeterFlow, at least as sold in 1999, was a patent-practicing product. Appx2099 (inventor admission—"MeterFlow 5.5" was sold "[i]n October of 1999" and "incorporated [the] technology of the patents"); Appx11219 (jury exhibit—provisional application identifying "MeterFlow" as the "preferred embodiment"); Appx11476 (jury exhibit—inventor confirming "[w]e now have 5 patents pending on the MeterFlow system").

Packet Intelligence did not dispute this evidence. Instead, it argued only that patent-practicing products were not sold during the subsequent damages period. *See* Appx10467 (arguing "[t]here is no evidence … what the 2009 and later Meter products did"); Appellee's Br. at 55 (focusing on MeterFlow sales starting in 2009).

Per *Arctic Cat II*, MeterFlow sales in 1999 bars presuit damages for the asserted apparatus claims because Packet Intelligence took no action to provide notice that the articles were actually patented or otherwise remedy noncompliance with § 287.

Respectfully submitted,

*/s/ Michael J. Lyons*

Michael J. Lyons

c: All Counsel of Record (via ECF Filing)

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF SERVICE

I certify that I served a copy on counsel of record on March 13, 2020 by:

- ☐ U.S. Mail
- ☐ Fax
- ☐ Hand
- ☒ Electronic Means (by E-mail or CM/ECF)

| Michael J. Lyons | /s/ Michael J. Lyons |
|---|---|
| Name of Counsel | Signature of Counsel |



| | |
|---|---|
| Law Firm | Morgan, Lewis & Bockius LLP |
| Address | 1400 Page Mill Road |
| City, State, Zip | Palo Alto, CA 94304 |
| Telephone Number | (650) 843-4000 |
| Fax Number | (650) 843-4001 |
| E-Mail Address | michael.lyons@morganlewis.com |



NOTE: For attorneys filing documents electronically, the name of the filer under whose log-in and password a document is submitted must be preceded by an "/s/" and typed in the space where the signature would otherwise appear. Graphic and other electronic signatures are discouraged.

Reset Fields